# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

HIRAM GATHURU,
on behalf of himself and all others
similarly situated,

        Plaintiff

v.

CREDIT CONTROL SERVICES, INC.,
d/b/a/ CREDIT COLLECTION SERVICES.

        Defendant

**07-40169 FDS**

Civil Action No.

RECEIPT # 405103
AMOUNT $ 350.00
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 10-14-07

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In addition, the Massachusetts Attorney General has promulgated regulations designed to "establish standards, by defining unfair or deceptive acts or practices [prohibited under G.L. c. 93A] for the collection of debts from persons within the Commonwealth of Massachusetts." 209 CMR 18.01.

In this action, plaintiff contends that the defendant, a collection agency, violated the FDCPA by adding an unlawful collection fee to the debt allegedly owed by plaintiff.

He further alleges that defendant violated both the FDCPA and G.L. c. 93A by failing to disclose in its communications with plaintiff that the alleged balance included said fee. With respect to the non-disclosure issue, plaintiff seeks relief on behalf of himself and a class of persons similarly situated.

## Parties

1. Plaintiff Hiram Gathuru is an individual who at all relevant times has resided in Westborough, Worcester County, Massachusetts.

2. Defendant Credit Control Services, Inc., d/b/a Credit Collection Services, is a corporation organized under the laws of the State of Delaware with a place of business in Newton, Middlesex County, Massachusetts. At all relevant times defendant has been a "debt collector" as defined by the FDCPA and 209 CMR 18.02 and has been engaged in trade or commerce in the Commonwealth of Massachusetts.

## Jurisdiction and Venue

3. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

5. Defendant sent plaintiff a letter dated January 2, 2007 seeking to collect a consumer debt allegedly owed to the Digital Federal Credit Union. Said letter stated that the "amount due" was \$2,008.44. The letter did not state or otherwise indicate the nature of the debt or any part thereof.

2

6. Upon receipt of said letter, plaintiff contacted the alleged creditor. He was informed that the amount of the alleged debt was $1,500. By agreement with the creditor, plaintiff paid said amount directly to the creditor.

7. Plaintiff received a second letter from defendant, dated February 28, 2007. Said letter indicated that $500.00 remained due to the Digital Federal Credit Union. The letter did not state or otherwise indicate the nature of said debt.

8. Since plaintiff had paid all amounts due to the creditor, it appears that the $500.00 demanded by defendant in the letter of February 28, 2007 was in the nature of a collection fee or charge based on a percentage of the alleged debt.

### COUNT I

9. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

10. On information and belief, the $500 charge imposed by defendant was based on a percentage of the alleged debt even though neither the underlying agreement which created the alleged debt nor state law expressly permitted same.

11. Defendant's conduct violated sections 1692e(2)(B), and 1692f(1) of the FDCPA.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)     declare said charge to be invalid and order defendant to cancel and withdraw same;

(ii)    award him statutory damages, costs, and reasonable attorney's fees;

(iii)   award such further relief as shall be just and proper.

### COUNT II

12. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

3

13. Defendant failed to disclose in either letter to plaintiff that the amount demanded consisted in part or in full of a collection fee or charge.

14. Defendant's conduct was false, deceptive, and misleading in violation of 15 U.S.C. §1692e.

## Class Allegations

15. Plaintiff brings this count of the complaint on behalf of himself and a class of persons similarly situated. Class members are all Massachusetts residents to whom defendant sent a written communication concerning a consumer debt within one year of the filing of this complaint where the alleged balance included an undisclosed collection fee or charge. Excluded from the class are past and present officers, directors, employees, and agents of defendant. On information and belief, the class is sufficiently numerous such that joinder is impracticable.

16. There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary common questions are whether defendant is a debt collector under the FDCPA, and whether its failure to identify or disclose a collection fee or charge violates the FDCPA.

17. Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members. All class members seek, and are entitled to, similar relief.

18. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

4

19. A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)     certify this claim as a class action pursuant to Fed.R.Civ.P. 23;

(ii)    appoint plaintiff as class representative and the undersigned as class counsel;

(iii)   award plaintiff and class members actual damages;

(iv)    award plaintiff and class members statutory damages;

(v)     award plaintiff and class members interest, costs, and attorney's fees;

(vi)    award such further relief as shall be just and proper

## COUNT III

20. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

21. Defendant's failure to disclose in either letter to plaintiff that the amount demanded consisted in part or in full of a collection fee or charge was unfair and/or deceptive in violation of 209 CMR 18.16, the FDCPA, and G.L. c. 93A.

22. Said misconduct by defendant was knowing and willful in nature.

23. On May 8, 2007, plaintiff – through counsel – served defendant with a demand for relief pursuant to G.L. c. 93A, section 9. Said demand was duly received by defendant.

24. Defendant failed to make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand.

25. Defendant's failure to make a reasonable and timely written tender of relief was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section

5

## Class Allegations

26. Plaintiff brings this count of the complaint on behalf of himself and a class of persons similarly situated. Class members are all Massachusetts residents to whom defendant sent a written communication concerning a consumer debt within 4 years of the filing of this complaint where the alleged balance included an undisclosed collection fee or charge. Excluded from the class are past and present officers, directors, employees, and agents of defendant. On information and belief, the class is sufficiently numerous such that joinder is impracticable.

23. Plaintiff and class members are similarly situated due to the existence of common questions of law and fact, including whether defendant is a debt collector under Massachusetts law, whether its failure to identify or disclose a collection fee or charge violated G.L. c. 93A, and whether its misconduct was knowing or willful in nature.

24. Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members. All class members seek, and are entitled to, similar relief.

25. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)     certify this claim as a class action pursuant to G.L. c. 93A, section 9(2);

(ii)    appoint plaintiff as class representative and the undersigned as class counsel;

6

(iii)     award plaintiff and class members actual damages or $25.00, whichever is

greater;

(iv)     double or treble the amount of actual damages awarded;

(v)      award plaintiff and class members interest, costs, and attorney's fees;

(vi)     award such further relief as shall be just and proper

**Plaintiff claims trial by jury.**

HIRAM GATHURU
By his attorney:

Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
kquat@quatlaw.com

7